Shor et ux. *v.* Employers' Liability Assurance Corp., Appellant.

Argued October 21, 1929.

518

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Horace Michener Schell,* for appellant.—The insurance company was not liable for the value of a diamond subsequently added to a solitaire ring specifically insured by another insurer: Moore v. Farmers' Mutual Fire Ins. Co., 45 Pa. Superior Ct. 541; Heine v. Lancaster Co. Mutual Ins. Co., 49 Pa. Superior Ct. 501.

*Edwin Booth,* for appellee.

OPINION BY BALDRIGE, J., March 12, 1930:

This action in assumpsit was brought under a policy of insurance in the defendant company to recover $600, with interest, representing the value of a diamond which was feloniously taken, either by burglary, theft, or larceny, between September 29th and October 1, 1924. The court directed a verdict for the plaintiffs for the amount of their claim. A motion for judgment n. o. v. for the defendant was refused, which resulted in this appeal.

On the 26th of January, 1924, the defendant company executed and delivered to the plaintiffs a Re-

sidence Theft Policy, blanket form, insuring their jewelry, precious and semi-precious stones, etc., in the sum of $1,000, for a term of one year beginning February 27, 1924.

On the same date that the policy of the defendant company became effective, the plaintiffs renewed a policy of insurance with the Lloyd's, known as an All Risks Jewelry Policy, for a period of one year. In the defendant's policy there was a provision that "the insurance hereunder shall not cover articles separately valued in, or specifically insured under the policy of any other insurer."

Payment of the plaintiffs' claim was refused by defendant on the ground that the protection of its policy was forfeited as the plaintiffs had the $600 diamond set as a companion stone in what had been a solitaire diamond ring, which was specifically insured under the Lloyd's policy and described as "1 diamond solitaire, about 2.50—1000.00."

The plaintiffs presented a claim for $1,000 for the diamond covered by that policy and that amount was paid.

It is argued by the appellee that the description of the article insured in the Lloyd's policy shows that it was not a ring, but a diamond, designated by weight and value, that was covered by that policy. There would be force to the contention if we were not confronted with a stipulation of the following facts which were agreed to and placed of record:

"That said policy of insurance covered, inter alia, one diamond solitaire ring, specifically valued at the sum of $1,000.

"That said policy of insurance was in the form offered in evidence as part of this record.

"That in the month of June, 1924, the plaintiffs herein changed the solitary (sic) diamond ring to a two diamond ring by adding another stone thereto, by the purchase of another diamond, which shortly after

June 27th, 1924, was set in the solitaire ring valued and approved in the Lloyd's policy, in one ring.

"That on the 24th day of November, 1924, plaintiffs herein filed a proof of loss with the Employers' liability Assurance Corporation, which is herein offered in evidence, wherein it is stated, inter alia, 'We hereby make claim of The Employers' Liability Assurance Company for $600, being the difference in the actual value of the ring taken and the amount of insurance carried on same to Lloyd's London. One-two stone diamond ring valued at $1,600, insurance $1,000, difference $600.' "

It thus appears from the settled facts, which we are bound to accept and decide the case upon, that it was "1 diamond solitaire ring, specifically valued at $1,000" that was covered by the Lloyd's policy and that the claim made against this defendant company was for the difference in the value of the ring taken and the amount of insurance carried with the Lloyd's. We can but, therefore, conclude that the plaintiffs were claiming for the loss of a ring that was insured with Lloyd's.

When another stone was added to the ring, it became an integral part thereof, and as the ring was covered by the Lloyd's policy, there was no liability upon the part of the defendant under the above provision in its policy to pay for this loss.

The defendant's motion for judgment n. o. v. should have been granted. The decree of the lower court is reversed and judgment is now directed to be entered for the defendant. Costs to be paid by the appellee.